UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

TAMIKO P. WALKER,

    Plaintiff,

v.

FINANCIAL RECOVERY SERVICES, INC.,
BRIAN CHARLES BOWERS, and
JOHN DOE,

    Defendants.

_____/

# COMPLAINT
# JURY DEMAND

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331. *Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740 (2012). Venue in this District is proper because Plaintiff resides here and Defendant, FINANCIAL RECOVERY SERVICES, INC., placed telephone calls into this District at the direction of BRIAN CHARLES BOWERS and on behalf of Defendant, JOHN DOE.

## PARTIES

1

3. Plaintiff, TAMIKO P. WALKER, is a natural person and citizen of the State of Florida who resides in Broward County, Florida.

4. Defendant, FINANCIAL RECOVERY SERVICES, INC. ("FRS") is a corporation with its principal place of business at 4900 Viking Drive, Edina, MN, 55438.

5. Defendant, BRIAN CHARLES BOWERS, is the President and Chief Executive Officer of FRS. BRIAN CHARLES BOWERS established the policies of or carried out the practices at FRS regarding the TCPA or authorized those policies and practices complained of herein.

6. Pursuant to 47 U.S.C. § 217, an officer, agent, or employee may be held liable for violation of the TCPA:

> [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user as well as of that person.

7. Defendant, JOHN DOE, is the creditor on whose behalf, FINANCIAL RECOVERY SERVICES, INC., was attempting to collect an alleged debt. Plaintiff is presently unaware of the name of this individual, will obtain it through discovery and amend her complaint accordingly.

8. Because JOHN DOE is the creditor on whose behalf FINANCIAL RECOVERY SERVICES, INC. placed the calls, it is jointly and severally liable to

Plaintiff with respect to the alleged violations of the TCPA. The Federal Communications Commission has held: "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: REQUEST OF ACA INTERNATIONAL FOR CLARIFICATION AND DECLARATORY RULING, 07-232, ¶10, (2007), ("FCC RUL. 07-232").

## FACTUAL ALLEGATIONS

9. Defendant, FINANCIAL RECOVERY SERVICES, INC., or others acting at its request, on behalf of JOHN DOE, left the following message on Plaintiff's cellular voice mail on or about the date stated:

> **June 29, 2010 at 6:19 PM – Pre-Recorded Message**
> Confidential and important message is meant solely for Sharon Hansford. This is (inaudible). If you are not Sharon Hansford, do not listen to this message. There will be a brief pause before the remainder of this message. The law requires I notify you that I am calling from Financial Recovery Services, Incorporated, a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please call me back today at 1-866-522-9396. When calling back, please refer to ID code BCJ510. Once again, the number is 1-866-522-9396. Thank you.

10. Defendant, FINANCIAL RECOVERY SERVICES, INC., or others acting at its request, on behalf of JOHN DOE, left similar or identical messages on other occasions. (Collectively, "the telephone messages").

11. Defendant, FINANCIAL RECOVERY SERVICES, INC., or others acting on behalf of JOHN DOE, used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff's cellular telephone.

12. Defendant, BRIAN CHARLES BOWERS, is the Chief Executive Officer and President of Financial Recovery Services, Inc., and established the policies of or carried out the practices of Financial Recovery Services, Inc. regarding the TCPA or authorized those policies and practices complained of herein.

13. None of Defendants telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

14. Defendants willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT REGARDING FINANCIAL RECOVERY SERVICES AND JOHN DOE

15. Plaintiff incorporates Paragraphs 1 through 14.

16. Defendant, FINANCIAL RECOVERY SERVICES, INC., or others acting on behalf of JOHN DOE, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, FINANCIAL RECOVERY SERVICES, INC., BRIAN CHARLES BOWERS and JOHN DOE. for:

 a. Damages;

 b. a declaration that Defendants calls violate the TCPA;

 c. a permanent injunction prohibiting Defendants from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice; and

 d. Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT REGARDING BRIAN CHARLES BOWERS

17. Plaintiff incorporates Paragraphs 1 through 14.

18. Defendant, BRIAN CHARLES BOWERS, established the policies of or carried out the practices complained of herein regarding the TCPA or authorized those policies and practices that caused the placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant BRIAN BOWERS for:

5

      a.      Damages;

      b.      a declaration that Defendants calls violate the TCPA;

      c.      a permanent injunction prohibiting Defendants from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice; and

      d.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
don@donyarbrough.com


/s/ Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658


SCOTT R. STRAUSS
Attorney for Plaintiff
Florida Bar No. 74425
Post Office Box 11842

6

                Ft. Lauderdale, FL 33339
                Telephone: 954-537-2000
                Facsimile: 954-566-2235
                ScottStrauss@donyarbrough.com