United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Tamiko P. Walker, Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 13-60230-Civ-Scola |
| | ) |
| Financial Recovery Service, Inc., | ) |
| Defendant | ) |

## **Order Granting Motion To Dismiss**

This matter is before the Court on the Defendant Financial Recovery Services, Inc.'s ("FRS") Motion to Dismiss Plaintiff Tamiko P. Walker's Amended Complaint for lack of subject-matter jurisdiction (ECF No. 32). For the reasons explained below, the Court **grants** the Motion and dismisses this matter with prejudice.

## **Background**

On January 1, 2013, Walker filed an individual complaint against FRS alleging violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Walker moved to amend her complaint on June 7, 2013. (ECF No. 15). This Court granted the Motion on November 26, 2013 and Walker's Amended Complaint was filed the same day. (ECF Nos. 28 & 29). The Amended Complaint was brought by Walker "on behalf of herself and all others similarly situated" and alleges that FRS violated the Act by using an automatic telephone dialing system to send unsolicited messages to Walker's cellular telephone for commercial purposes. (ECF No. 29).

Walker seeks the following: (a) certification of this matter to proceed as a class action; (b) statutory damages at $500.00 per negligent violation of the Act; (c) a declaration that FRS's calls violate the TCPA; (d) an injunction prohibiting FRS from placing non-emergency calls to the cellular telephones of Walker and putative class members using an automatic telephone dialing system or pre-recorded or artificial voice; and (d) such other relief as this Court may deem proper.

On December 31, 2013, FRS moved to dismiss Walker's Amended Complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (ECF No. 32). The basis for FRS's Motion is that its December 5, 2013 Fed. R. Civ. P. 68 offer of judgment. The parties do not dispute that FRS's offer

provided Walker with complete relief of her individual claim. Indeed, FRS deliberately offered $1,500.00 per violation in excess of the requested $500.00. At no time has Walker moved to certify the putative class. Based on FRS's offer of judgment, the Court entered judgment in favor of Walker and against FRS. (ECF No. 45). Since the judgment satisfies all of Walker's demands, this matter is moot and Walker is without Article III standing.

## Legal Standard

Article III of the U.S. Constitution requires that a justiciable controversy exist for the Court to have subject-matter jurisdiction. "In order to invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a . . . 'personal stake,' in the outcome of the action. This requirement ensures that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes . . . ." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013). "If the court determines at *any* time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

## Discussion

"A plaintiff who brings a class action presents two separate issues for judicial resolution. One is the claim on the merits; the other is the claim that he is entitled to represent a class." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 402 (1980). Walker's individual claim on the merits was mooted by FRS's offer of complete relief. "An offer that satisfies Plaintiff's entire claim for relief eliminates the controversy between the parties and leaves nothing for the court to resolve, effectively mooting the action and removing jurisdiction." *Brown v. Kopolow*, No. 10-80593-CIV, 2011 WL 283252, at *2 (S.D. Fla. Jan. 25, 2011) (Marra, J.).

As described in *Geraghty*, a plaintiff's "other" claim—that he is entitled to represent a class—is not presented for judicial resolution until the filing of a motion for class certification. Where the plaintiff's motion to certify the class precedes an offer of complete relief, the class action plaintiff's "personal stake" in maintaining a class action outlives her mooted individual claim. *See Sosna v. Iowa*, 419 U.S. 393 (1975) (motion for class certification creates a legal interest in addition to and separate from a plaintiff's individual interest alleged in the complaint).

There is a circuit split on whether an offer of judgment to completely satisfy a plaintiff's individual claim, made before a motion for class certification, moots the plaintiff's case. The Eleventh Circuit has yet to address

this issue. By adopting *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011), this Court joins *Cruz v. Performant Recovery, Inc.*, No. 14-20815-CIV, 2014 WL 943632 (S.D. Fla. Mar. 11, 2014) (Altonaga, J.); *Keim v. ADF MidAtlantic, LLC,* 12-80577-CIV, 2013 WL 3717737 (S.D. Fla. July 15, 2013) (Marra, J.) (appeal pending); *Krzykwa v. Phusion Projects, LLC,* 920 F. Supp. 2d 1279 (S.D. Fla. 2012) (Middlebrooks, J.); *Jeffrey M Stein, D.D.S., MS.D., P.A. v. Buccaneers Ltd. P'ship,* 8:13-CV-2136-T-23AEP, 2013 WL 7045328 (M.D. Fla. Oct. 24, 2013) (appeal pending); and *Delgado v. Collecto, Inc.,* 8:13-CV-2511-T-33TBM, 2013 WL 6332748 (M.D. Fla. Dec. 5, 2013), in following the Seventh Circuit's approach.

Walker urges this Court to adopt the Third, Fifth, Ninth, and Tenth Circuit approach. For example, *Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004) held that where a named plaintiff's claim is involuntarily mooted by an offer of complete relief prior to the filing of a motion for class certification, "the appropriate course is to relate the certification motion back to the filing of the class complaint" thereby overcoming an otherwise mooted claim and retroactively satisfying Art. III. *Id.* at 348. This Court does not adopt that approach.

The relation-back doctrine applies to those claims that are "so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." *Geraghty*, 445 U.S. at 399. Certain cases present prototypical scenarios for application of the relation-back doctrine. For example, in *Roe v. Wade*, 410 U.S. 113 (1973), Jane Roe was allowed to challenge an anti-abortion statute on appeal to the Supreme Court notwithstanding the fact that her pregnancy, which was the basis of her Art. III standing, had already been terminated. The *Roe* court overcame mootness by relating back in time to the filing of the complaint, at which point there was a justiciable controversy that would only later expire.

However, a complaint, unaccompanied by a motion for class certification, does not create a justiciable controversy as to class certification. In other words, by relating back to the filing of a complaint that was unaccompanied by a motion for certification, the *Weiss* court arrived, yet again, at a time void of a justiciable class certification controversy. By contrast, when the *Roe* court turned back time, it revived circumstances that *did* present a justiciable controversy.

The possibility of a Rule 68 offer of complete relief did not render Walker's TCPA claim "inherently transitory" justifying application of the relation-back doctrine. In this case, Walker's claim was only transitory in the sense that it was immediately redressable. Indeed, Walker's claim was

completely satisfied by the entry of FRS's offer of judgment. Further, the outcome of this case would not change even if this Court were to adopt the relation-back approach. The Third Circuit applied relation-back when ruling upon a motion for class certification. In this case, however, there is no pending motion for class certification. Walker's discussion of relation-back is inapplicable to the instant matter.

Class certification creates interests that a mere class-based complaint does not. *See Sosna*, 419 U.S. at 393. Unlike a complaint, class certification imposes on the representative affirmative legal duties to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). An adequately plead prayer for class-wide relief does not, in and of itself, create a controversy for the court to resolve. The opposite is true of a motion for class certification, which does form a justiciable Art. III controversy as to the Rule 23 analysis. This Court will not equate Walker's Amended Complaint with a motion for certification, which is procedurally, and, in this context, constitutionally distinguishable.

Until a plaintiff moves for class certification, its status for Art. III purposes is that of an individual with individual claims. When a defendant offers a plaintiff complete relief, the plaintiff may choose thereafter to act as victor or volunteer. Volunteer plaintiffs, defined by having won, may not be entertained in the federal courts. *See Greisz v. Household Bank, N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999) (Posner, C.J.) ("[One] cannot persist in suing after [they]'ve won.").

This is not the case, however, where the defendant fails to offer complete relief. For example, in *Benggio v. Professional Recovery Services, Inc.*, this Court held that "Defendant's settlement offer [did] not moot Plaintiff's [Fair Debt Collection Practices Act] claim because Plaintiff expressly [sought] a *judgment*, which Defendant [had] not offered to give." *Benggio*, 12-60168-CIV, 2012 WL 2930931 at * 4 (S.D. Fla. July 18, 2012) (Scola, J.) (emphasis added); *see also Thorne v. Accounts Receivable Mgmt., Inc.*, 282 F.R.D. 684 (S.D. Fla. 2012) (Scola, J.). Unlike the defendants in *Benggio* and *Thorne*, FRS did make an offer of judgment against itself to Walker pursuant to Rule 68. "When a plaintiff is tendered an offer of judgment for the maximum allowable relief, it moots a[] . . . claim, even when that offer is not accepted." *Thorne*, 282 F.R.D. at 688. Cf. *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012) (noting that "offers for the full relief requested have been found to moot a claim").

The effect of a defendant's speedy offer of complete relief crystallizes the utility of Rule 68, which serves to avoid cumbersome litigation. *Marek v. Chesny*, 473 U.S. 1, 5 (1985) ("The plain purpose of Rule 68 is to encourage

settlement and avoid litigation."). Walker won her desired relief within two weeks of filing her Amended Complaint. This Court rejects as irrelevant the argument that "Plaintiff's refusal to accept the [Rule 68] offer shows that she is indeed seeking redress not just for herself but for the class . . . ." (ECF No. 40). Refusing judgment does not confer upon oneself legally cognizable duties to a class. Walker's decision to forego victory transformed her from litigant to volunteer.

As discussed in *Damasco*, plaintiffs have at their disposal a possible "solution to the buy-off problem." *Damasco*, 662 F.3d at 896. "Class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs." *Id*. Walker decided to not pursue this simple solution.

## Conclusion

Because the Court concludes that FRS's offer of judgment provided Walker full relief in this case, Walker's federal case was over as soon as the offer was made. Pursuant to the terms of the offer, this Court entered judgment exceeding Walker's maximum possible relief. Accordingly, FRS's Motion to Dismiss the Amended Complaint (ECF No. 32) is therefore **granted**. Walker's Amended Complaint is **dismissed with prejudice**. The clerk will **close** this case.  All pending motions, if any, are denied as moot.

**Done and ordered** in chambers, at Miami, Florida, on June 18, 2014

_____
Robert N. Scola, Jr.
United States District Judge